Dishon et al. *v.* Schorr.

---

HENRY DISHON and JAMES J. PROVO, Plaintiffs in Error, *v.* JOHN C. SCHORR, Defendant in Error.

ERROR TO UNION.

Where the books of a plaintiff are offered in evidence, to prove an account, they are *prima facie* evidence; and however they may operate to conclude the plaintiff as to matters admitted against his interest, the defendant, taking the benefit of admissions by them in his favor, may contest the accuracy of charges to his prejudice.

An article sold to one of two partners and credited to the vender on the copartnership books, will be allowed to the vendor against the copartnership account.

If substantial justice has been done, even if improper instructions have been given, a judgment will not be disturbed.

THIS cause was heard before PARRISH, Judge, at December term, 1854. The facts of the case are stated in the opinion of the court.

J. DOUGHERTY, for Plaintiffs in Error.

C. G. SIMONS, for Defendant in Error.

BREESE, J. This case originated before a justice of the peace, and, on trial there, the defendant in error obtained a judgment. On appeal to the Circuit Court, the plaintiffs in error obtained a judgment, which the court set aside, and

granted a new trial; on which trial there was a verdict and judgment for the defendant in error, for seventy-one dollars and eighty-six cents; to reverse which this writ of error is sued out, and the errors assigned go to the instructions asked for on both sides.

We do not deem it necessary, in the view we have taken of this case, to examine very critically those instructions, but will take this occasion to remark, that it is quite difficult, from the unsatisfactory and inartificial manner in which the record is made up and presented here, to discover what those instructions were, and in what part of the record they are to be found. We think this court might well refuse to examine such records, but send them back with an admonition to the clerks, which may be of service to them in future cases.

The plaintiffs' account, as filed, was a debtor and creditor account, consisting of many items, and a balance struck, exhibiting the amount of $61.81 as due from defendant to the plaintiffs.

All the evidence in the cause, much of it having nothing to do with the real matters in issue between the parties, is preserved in a bill of exceptions, and sent up here, cumbering the record to no good purpose, for the true points might have been distinctly stated in few words.

Those points were, as we gather them, a note for $98.35 and the interest upon it, amounting in all to $108.67, which defendant had executed to Henry Dishon, one of the plaintiffs; and a gun which Provo had borrowed of the defendant and did not return. In the course of the trial, the books of account of the plaintiffs were introduced, and permitted to go to the jury, with the exception of the money items charged against the defendant. The exception of these money charges was objected to by the plaintiffs at the time.

The following instruction was predicated by the plaintiffs' counsel on this admission of the books, which the court refused, and exception taken : " That the books of the plaintiffs, having been introduced as evidence, with the exception of the money charges, yet if the defendant relies upon the books as *solely* proving his items of credit or any one of them, the whole account should be allowed, as well that which is in favor of the plaintiffs as that which is against them.

This instruction, as appears from the record, was accompanied by another, which the court gave, namely : " That the question as to whether the evidence proved the items of account charged by the parties against each other, is a question of fact for them."

We think the court decided correctly in refusing the instruc-

tion asked by defendant; for the books, if properly admitted, which may be questionable under the ancillary proof offered, were at best but *prima facie* evidence, and did not conclude the defendants, however they might have operated to conclude the plaintiffs as to matters admitted by the books against their interest. The defendant might well claim the benefit of the evidence furnished by the books in his favor, and contest the accuracy of the charges against him, or the sufficiency of the credits allowed. The whole question on the evidence was left to the jury, as a question of fact for them to decide.

There were, really, but the two items, the note, and the price of the gun, in controversy. In the account of the plaintiffs an item appears of $108 $\frac{67}{100}$ as so much money paid by the plaintiffs to Isaac Hartline for the defendant's benefit.

The history of this item, as appears from the testimony, is, that Dishon, one of the plaintiffs, held a note on defendant for $98.35, which, as Hartline testifies, was assigned to him by Dishon in payment for some wheat which he had sold and delivered to them, and with this understanding, if the defendant did not pay the note, he, Hartline, was to return it to them. Hartline further testified, that he presented the note for payment to the defendant, who told him he would not pay it—that plaintiffs owed him—that witness might take it back to them, that they might pay it themselves—that Dishon had his property, and he might pay the note. Hartline states he then returned the note to the plaintiffs, and told them what defendant said when he demanded payment of it. The plaintiffs received the note, and paid Hartline for his wheat. How this could be tortured into proof of payment of money to Hartline by the plaintiffs, at the defendant's request, is not easy to perceive; yet out of this transaction grows the charge on the plaintiffs' books, of " $108.67, money paid to Hartline."

In connection with this, the record shows that the defendant, on the trial, introduced this note and the mortgage given by him to secure it, as evidence, he holding both, that he had paid and satisfied them, the record of deeds also showing, which were in evidence after objection by the plaintiffs, " satisfaction " entered on the margin thereof, as the statute requires.

A very elaborate instruction was raised upon these facts, which the court gave, the point of it seeming to be, that if Dishon and Provo paid this note to Hartline at the request of defendant, they could recover it back—if they did not pay it at the defendant's request, and he had never assented to it, or ratified it, plaintiffs could not make him chargeable for it.

We are at a loss to perceive the theory on which such an in-

struction was based, looking at the facts to which we have adverted.

The defendant himself produced the note in evidence, and also the record of the mortgage with entry of satisfaction upon it, and the question for the jury was, did not these facts furnish a strong presumption that defendant had paid and satisfied them? There could be no pretence that plaintiffs had paid the note to Hartline, when Hartline testified that on returning the note to the plaintiffs, they paid him for the wheat, the price and value of which, that note represented. There never was, and never could be, under this proof, a payment of the note to Hartline, and therefore the instruction was not relevant to the facts, and by giving it, the defendant's case might have been prejudiced, for it had a tendency to lead the jury off upon an inquiry not germain to the matters before them. The plaintiffs, however, cannot complain of this, as it did not prejudice their case.

The court properly admitted the record of deeds in evidence, because it was a record containing matter pertinent to the case, and in the entry on the margin thereof, of "satisfaction," the defendant had a direct interest.

As this note and mortgage was executed by the defendant to Dishon alone, it could not be given in evidence by the plaintiffs, hence the necessity they were under, of showing, if they could, that as Hartline held the note by assignment, and they had received it back, and paid Hartline the amount of it on his so returning it, that the money thus paid shall be considered as so much money paid him at the request of defendant, with which to take up the note; when the fact is, that plaintiffs, on paying Hartline this money, were merely paying for the wheat, leaving the note still a subsisting debt due by defendant to Dishon alone, and not to the plaintiffs. This disposes of that item, and the instruction based upon the evidence relative to it.

The only other item of controversy was, the price of a gun which Provo had borrowed of the defendant. Now, this item was not a proper credit against the firm, as it was the individual liability of one partner only, yet the firm having assumed it, by entering a credit for it in their account, they cannot be permitted now to deny it as a fair credit, and at its true value, as may be proved. In their account, defendant is credited fifteen dollars for a gun borrowed by Provo. Whether the jury found that sum as the value, or forty dollars, as they might have done from the testimony, we cannot say. We can say, however, that on the plaintiffs' own showing—from their own statement of the accounts, rejecting the item of $108.67, or money paid to Hartline, and allowing forty dollars as the value of the gun, a bal-

ance is shown in favor of the defendant, of the precise amount for which he took judgment.

We cannot see wherein any injustice has been done the plaintiffs, or any such error in any of the proceedings, so injuriously affecting them as to warrant a reversal of the judgment. Even if improper instructions had been given, yet if the whole case shows that substantial justice has been done, a judgment will not be disturbed for that cause. The judgment is affirmed.

*Judgment affirmed.*