JOHN J. SCHWARZ, Plaintiff in Error, *v.* JULES SCHWARZ, Defendant in Error.

ERROR TO SUPERIOR COURT OF CHICAGO.

26   81
25a 129

26   81
80a  57

26   81
86a 243
88a 136

26   81
196  ³511
101a ³541

In the absence of express proof of a contract, one may be implied from circumstances.

Where a party defends against a claim for services, on the score of relationship, and that the services were compensated by paternal care, etc., he should not, by his pleading, claim a set-off for board, etc.; such charges imply that there was a contract between the parties.

When substantial justice has been done, a judgment will not be reversed, merely because proper instructions were refused.

THIS was an action of assumpsit, commenced by defendant in error, against plaintiff in error.

Declaration filed May 14th, 1857.

First count—For that whereas the said defendant, heretofore, to wit, on the fourth day of May, A. D. 1857, in Chicago, aforesaid, was indebted to the said plaintiff in the sum of ten thousand dollars, lawful money of the United States, for that on the 14th day of October, A. D. 1851, in consideration that the plaintiff would enter into the employment of the defendant, as general agent in the management of the business of said defendant, in said Chicago, to wit, in selling goods, in purchasing materials, in cutting shirts, in collecting debts, and in the gene-

ral management of the whole of said business, being that of a gentlemen's furnishing store, and of the manufacture and sale of shirts, and would serve him, the defendant, faithfully in that capacity, commencing on the said 14th day of October, A. D. 1851, he, the said defendant, promised the plaintiff to pay to him, said plaintiff, a reasonable compensation for his time and services as such agent, so long as he should continue in the service of said defendant; and whereas the said plaintiff, relying on said promise of said defendant, did, on said 14th day of October, A. D. 1851, enter into the service of said defendant, as such agent aforesaid, and continued in the service of said defendant, and faithfully served him as such agent until the 9th day of April, A. D. 1857; and during all the said intervening period, gave to the said business of the said defendant all his time, skill, and attention, and took upon himself the exclusive management thereof, whereby the said defendant became liable to pay said plaintiff a reasonable compensation for his said services as aforesaid, to wit, the sum of ten thousand dollars; and being so indebted, he, the said defendant, in consideration thereof, afterwards, to wit, on the said fourth day of May, A. D. 1857, to wit, in Chicago aforesaid, undertook, and then and there faithfully promised the said plaintiff to pay him said last mentioned sum of money, when he, said defendant, should be thereunto afterwards requested.

Second count—Common *indebitatus* count for the further sum of ten thousand dollars for work, etc., "as the clerk and agent of and for the said defendant, and at his request, and for a certain reward due and of right payable from the said defendant to the said plaintiff, in respect thereof, and being so indebted, he, the said defendant, in consideration thereof," etc., promised to pay said last mentioned sum, etc.

Third count—*Quantum meruit*, for work and labor "as the agent of and for the said defendant."

Copy of account sued on :

John J. Schwarz to Jules Schwarz, Dr.,

To services as general agent, from October 14th, 1851,
    to April 19th, 1857, - - - - - - $10,000
To work and labor, care, diligence, and attention as
    clerk and agent, - - - - - $10,000
To work and labor, as agent, - - - - - - $10,000
To work and labor, - - -. - - - $10,000
To money found to be due on an account stated, - $10,000

Plea of the general issue filed, and notice of set-off, the bill of particulars or causes of set-off being as follows :

1. For care and attention bestowed upon the said plaintiff, in instructing him in the occupation of the defendant, while in his, defendant's, employ,   $10,000
2. Cash advanced to him, plaintiff, -   -  -  - $10,000
3. Food, board, and lodging supplied by defendant, - $10,000
4. Clothing supplied by defendant to plaintiff, -   - $10,000
5. Cash paid out to others at his request,   -   - $10,000
6. Cash due by plaintiff, on account stated,   -   - $10,000
    To cash paid for educating said plaintiff,   -   - $10,000

Affidavit of merits filed with plea, June 3rd, 1857.

Trial by jury, and verdict for plaintiff, and damages assessed at twelve hundred dollars. Motion for new trial. Overruled, and exceptions, and entry of judgment.

M. W. FULLER, for Plaintiff in Error.

A. W. WINDETT, for Defendant in Error.

BREESE, J. Very many circumstances tending to show what the intention of parties was, in transactions in which they may have been engaged, are often proper for the consideration of a jury. Intents must be inferred from facts and circumstances. The real object and design of parties, quite often, can be reached in no other way. In the absence of express proof of a contract, one may be implied from circumstances. Sometimes very slight circumstances will produce the desired effect upon the minds of a jury—at another time, such is the nature of the controversy, that they must be of a stronger character to induce the mind to yield the required assent.

This case depends upon a few circumstances to which the jury have yielded. They may be said to be, not very strong, yet they cannot be said to be insufficient to sustain the verdict. The fact that the defendant sent for the plaintiff when he was at New Orleans, desiring him to come back to Chicago, and his remaining thereafter, in the employment of the defendant, as the chief manager of his business, is a weighty circumstance. There was abundant proof of the value of these services.

The defense consisted mainly in the fact, that the plaintiff was the step-son of the defendant, and during all the time of these services, was living in the family of the defendant, as one of them, and supplied with clothes and other necessaries, and occasionally with small sums of money, by the defendant, and that, from their positions, no contract to render services, or to pay for them, could be implied.

Had the defendant resisted the claim upon this naked proposi

tion, it might have availed before the jury, but this was not done. The defendant, by his pleading, claiming a set-off for board, maintenance, education, etc., and for payments made, on account of wages, said in effect, to the jury, that they were dealing on the footing of contract, and not of relationship.

This court, in *Miller* v. *Miller*, 16 Ill. 248, took this view in a similar case, and there held that the filing of such a plea, and setting up such a defense, was wholly inconsistent with the idea of the mere relation of parent and child, and was a circumstance, together with the items composing it, for the consideration of the jury.

The jury seem to have taken the defendant's case upon his own showing of it, and we cannot say that they have violated any rule of law in so doing.

Had the plaintiff been the son by nature, of the defendant, between whom there existed reciprocal obligations, both moral and legal, different inferences might be drawn from the same acts, when done by a party not in that relation, or under those obligations. There is not, and cannot be the same relation as between parent and child. On the death of a mother who has married, having a child by a former husband, the child becomes to the husband of his deceased mother, comparatively, a stranger. The relative duties of protection and obedience do not exist, and the same inferences will not be drawn from the same acts, if done by a child. We see no error in the ruling of the court, except it be, that the third and fourth instructions of the defendant should have been given, but if given, they could not have changed the verdict. The merits of the case were fully covered by the two instructions given by the court.

Besides, this court will not reverse a judgment when substantial justice has been done, because the court refused proper instructions. *Dishon* v. *Schorr*, 19 Ill. 59, and cases there cited.

The judgment of the court below is affirmed.

*Judgment affirmed.*