JOHN RYAN *et al.*

*v.*

SARAH DONNELLY.

1. EVIDENCE—*in mitigation of trespass to the person.* Where the defendants, without any process, went to the house where the plaintiff was sleeping, searched the house, made her get out of bed and dress in their presence, and took and lodged her in a police station, on a charge of larceny, which proved to be wholly unfounded, the defendants offered to prove, by one of themselves, that when he came home in the evening his wife informed him that $200 were stolen, she having the same day discharged the plaintiff as a servant, which the court refused to admit in mitigation of damages in trespass by the plaintiff: *Held,* that while the evidence might have been proper on the question of damages, yet, as the court could

see that its exclusion worked no injury, it would not reverse the judgment on that ground.

2. INSTRUCTION—*abstract proposition.* The giving or refusing of instructions containing mere abstract propositions of law, is not error.

3. SAME—*modifying.* Where a party asks an instruction which should not be given at all, but the same is modified and given, he will not be in a position to complain of the modification.

4. ERROR—*where substantial justice is done.* Where substantial justice has been done, and the jury could not have reached any other result from the evidence, a reversal will not be given for the refusal of instructions or the rejection of testimony that might, with propriety, have been given or admitted.

5. EXCESSIVE DAMAGES—*in trespass to the person.* Where the plaintiff, a young woman aged about sixteen years, was discharged as a servant by the wife of one of the defendants, and on the same evening the wife missed $200, and informed her husband that it had been taken from the house, and the husband and another person went, after night, to the house where the plaintiff lodged, and without any warrant or process searched the house, made the plaintiff get out of her bed and dress herself in their presence, and notwithstanding her protestations of innocence, caused her to be lodged in a police station until the next day, when the money was found by the defendant's wife in her own pocket, it was *held,* in an action of trespass by the plaintiff, that a verdict of $775 was not excessive, there being no probable cause shown for the act, to relieve it from the imputation of malice.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. JOHN LYLE KING, for the appellants.

Messrs. SAWIN & WELLS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, brought by Sarah Donnelly against John Ryan and Jerry Casey, in the circuit court of Cook county.

The declaration charges, that defendants, on the first of December, 1870, with force and arms, beat, bruised and ill-treated plaintiff, and arrested her without any authority of law, caused her to arise from her bed, compelled her to go

into the streets to a police station, and imprisoned her, without any reasonable or probable cause.

Plea of not guilty was filed. The cause was tried before a jury, and plaintiff obtained a verdict for $775. The defendants appeal, and ask a reversal of the judgment on four grounds :

*First*—The court refused proper evidence offered by defendants.

*Second*—The court gave improper instructions for plaintiff.

*Third*—The court modified instructions of defendants.

*Fourth*—The verdict is excessive.

The facts, as shown by the bill of exceptions, are briefly these : On the first day of December, 1870, the plaintiff was discharged from the service of John Ryan, by his wife, where she had been engaged as a servant girl for about three months. On the evening of that day, Ryan was informed by his wife that money had been taken from the house. About 11 o'clock of the same evening, Ryan and defendant Casey went to the house of defendant, where she and her brothers and sisters were residing, entered the house, searched it, compelled plaintiff to get out of bed, arrested and took her to a police station. This was all done without process or warrant. After the plaintiff had been lodged in the police prison, it turned out that no money had been stolen from Ryan's house, but the $200 which Ryan's wife had reported stolen was found in her own pocket.

On the trial of the cause, the defendants offered to prove, by the defendant Ryan, the information he had received from his wife in regard to the money being stolen, for the purpose of mitigating damages, by showing good faith on the part of Ryan in causing the arrest. The court refused to permit this evidence to be introduced. This is the evidence excluded, upon which defendants ask a reversal.

While it may have been proper for the court to admit this evidence on the question of mitigation of damages, yet, as we can see, from the other testimony introduced, that this

evidence could not have changed the result, we will not, for that reason, reverse. *Rowley* v. *Hughes*, 40 Ill. 316 ; *Mc-Kichan* v. *McBean*, 45 Ill. 228.

We can scarcely conceive any information given Ryan by his wife in regard to this matter, that would tend to mitigate his conduct. If his wife informed him that $200 were gone, and she suspected the plaintiff, prudence and reasonable caution would have dictated to him to investigate somewhat, and ascertain if, in fact, a larceny had been committed; and if he arrived at the conclusion that the money had been stolen, and the facts pointed to the plaintiff as the probable thief, the courts were open to him. and he should have procured a warrant; but, blindly disregarding all these precautions, in a reckless, heedless manner, he procures the assistance of Casey, and, without warrant, in the dead hour of night, they invade the private residence and sleeping apartment of the plaintiff, a girl of sixteen years, search the house, and compel this young woman to get out of her bed, and even outrage common decency by compelling her to dress in their presence, and then, notwithstanding her professions of innocence, hurry her off to a police station.

The evidence offered and excluded by the court, with all these facts before the jury, could not and should not have weighed a farthing in the scales of justice, in mitigation of defendants' conduct, even had it been admitted.

The second point made by the defendants is, the court gave improper instructions on behalf of plaintiff.

It is true, the first instruction given contains a mere abstract proposition of law, but the giving or refusing of such an instruction is not error. *Parker* v. *Fergus*, 52 Ill. 420. The other instructions given for the plaintiff are based on the facts proven, and contain correct propositions of law, as applicable to the case.

The third question relied upon by defendants is, the modification of two of their instructions by the court.

We are inclined to the opinion that these instructions should

not have been given to the jury at all, as there was not evidence sufficient upon which to base them, and for this reason defendants are not in position to complain of their modification. But even conceding it to be true that the court erred in the modification of the instructions, we are not disposed to reverse on that ground.

Where it is apparent that substantial justice has been done, as it clearly has been in this case, and the jury could have reached no other result from the evidence, we will not reverse because the court may have refused instructions that might, with propriety, have been given. *Dishon* v. *Schorr*, 19 Ill. 59 ; *Schwarz* v. *Schwarz*, 26 Ill. 81 ; *Pahlman* v. *King*, 49 Ill. 269.

The last point made by appellants is, the verdict is excessive.

We can not agree with the defendants on this proposition. Seven hundred and seventy-five dollars, instead of being excessive, in a case where the evidence is so clearly with the plaintiff as this, is very moderate. The arrest and imprisonment was without probable cause ; the search in the night, without a warrant, was in violation of law. We are unable to see, in this case, a single element tending to relieve the defendants from the charge of malice.

In *Reno* v. *Wilson*, 49 Ill. 95, where the verdict was $1700, and *Chapman* v. *Cawrey*, 50 Ill. 514, where a verdict of $1000 was obtained, this court refused to disturb the verdict in either case, and the facts in those cases are less aggravating than in this.

Upon the whole record, we are of opinion substantial justice has been done, and the judgment will be affirmed.

*Judgment affirmed.*

Mr. Justice McAllister : This action was not case for maliciously causing appellee's arrest, but was trespass for assault and battery, and false imprisonment. It is claimed that the fact that Ryan's wife told him the money had been stolen

by appellee, should have been admitted. I think it was not competent. The charge was false, and had no tendency to mitigate the wrong done by the illegal and outrageous conduct of Ryan. The wife was the instigator of these wrongs, and at common law the husband would be liable for her acts. If admissible, then a malicious woman may vent her spite against a servant by instigating the husband to do as was done here, and then he could turn around and mitigate the damages because his wife put him in motion, even though done intentionally by her. There is no principle upon which the evidence excluded was admissible.