THE CROWN COAL AND TOW COMPANY

*v.*

JOHN TAYLOR *et al.*

*Opinion filed February 19, 1900.*

1. APPEALS AND ERRORS—*when error in modifying instructions will not reverse.* Error in modifying an instruction will not work reversal where substantial justice has been done by the verdict and judgment and the jury could have reached no other conclusion under the evidence.

2. SAME—*bill of exceptions should show what objectionable remarks by counsel were made.* An objection that appellee's counsel made improper remarks in his argument cannot be considered on appeal, where bill of exceptions does not show what remarks were made.

3. SAME—*when bill of exceptions does not show that certain remarks were made.* That counsel for appellant assigned as a reason for a new trial the making of a certain remark by appellees' counsel does not justify the Supreme Court in assuming such remark was made, where there is no further showing upon the subject in the bill of exceptions.

*Crown Coal and Tow Co.* v. *Taylor*, 81 Ill. App. 66, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

This is a suit in assumpsit brought by the appellees against the appellant company.  The declaration alleges that, on March 31, 1897, the defendant was indebted to the plaintiffs in the sum of $2500.00 for a certain lease-hold estate, before that time owned by the plaintiffs, and then and there bargained, sold and transferred by plaintiffs to defendant at its request.  The common counts for goods sold and delivered, and for interest forborne, were added.  General issue was pleaded to the declaration. Upon the trial of the cause before the court and a jury, verdict and judgment were rendered in favor of the plaintiffs below, the appellees here, for $3232.07.  An appeal from this judgment was taken to the Appellate Court, where the judgment has been affirmed.  The present appeal is taken from such judgment of affirmance.

GUSTAVUS A. KOERNER, and VICTOR K. KOERNER, for appellant.

WEBB & WEBB, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The question involved in this case is almost exclusively a question of fact, and, as such, is settled by the judgments of the circuit and Appellate Courts.

Prior to March 25, 1893, there was a corporation called the Crown Coal Company, with certain capital stock and certain assets.  On that day the company was re-organized, and its name changed to the Crown Coal and Tow Company.  On the day named, to-wit, March 25, 1893, when the re-organization took place, all the stockholders and directors of the old and new companies were present. The appellees were stockholders in the old company, and owned a leasehold interest in a coal mine, known in the record as the Harmony mine.  Appellees contend that they then sold their said leasehold interest to the appellant, the Crown Coal and Tow Company, for $2500.00,

while appellant contends that the interest of the appellees in the Harmony mine was contributed by the appellees to the capital stock of the appellant company, and was represented by the stock in said company which was issued to appellees. The testimony of the appellees tends to prove that they sold their interest in the mine to the appellant; the testimony of the appellant tends to prove that appellees contributed their leasehold interest to the capital stock of the appellant company, as part of their investment in the enterprise. The question of fact thus involved was submitted to the jury under proper instructions, and has been found against the appellant.

In its opinion in this case, the Appellate Court says: "That the old Crown Coal Company did not own the Harmony mine is undisputed; that Taylor and Adams did own it is also undisputed; and it is conceded that, at the time of the re-organization, it was in some manner acquired by and transferred to appellant, the Crown Coal and Tow Company, and was thereafter held by appellant until sold by Leathe, along with all the rest of appellant's possessions. We are of opinion, that the evidence warrants the conclusion, that the appellant acquired this property from appellees on the 25th day of March, 1893, by purchase, for the price of $2500.00, and that the purchase price has not in any manner been paid, nor any part thereof." The view thus taken by the Appellate Court is sustained by the testimony in the record.

It is claimed, however, on the part of the appellant, that the court erred in refusing to give an instruction, asked by the appellant, as it was framed when asked, and in modifying said instruction, and giving it as modified.

The instruction, as originally asked by the appellant, is as follows: "The fact, that Mr. Leathe was a stockholder and the owner of a majority of the capital stock of the defendant, if the jury believe that he was such owner, does not make a sale to him a sale to the company, nor a contract made by him a contract of the

company." The modification made of it by the court consisted in adding to it the following words: "Unless he had authority to act for the company, and did act for the company."

The proof shows, that Leathe was the president of the appellant company and the manager of its affairs, and that he owned a majority of the stock, and controlled three-fourths thereof. It was proven, that, upon some former occasion, appellees had stated that they sold their interest in the Harmony mine to Leathe; but it clearly appears, that they looked upon Leathe and the appellant company as one, in view of the control exercised by him over the company by reason of his ownership of a majority of the stock. A careful examination of their testimony shows, that, when speaking of a sale to Leathe, they did not mean a sale to Leathe personally, but to the appellant company, of which Leathe was the president and representative. There was, therefore, really no evidence in the case tending to show any sale to Leathe personally, and, this being so, there was no proof upon which the instruction asked by the appellant could be properly based. The court, however, did give another instruction than the one so modified at the request of the appellant, in which the jury were told, that, if they believed from the evidence "that the plaintiffs sold their leasehold interest in the Harmony mine to Samuel H. Leathe, and not to the Crown Coal and Tow Company, the verdict should be for defendant." Hence, the jury had presented to them the question whether there was any sale to Leathe or not; and, by their verdict, they found that there was no such sale.

The instruction, which was modified by the court, was, as originally asked by the appellant, defective in assuming as a fact that there was a sale to Leathe. The court committed no error in modifying the instruction, because it was a fair question to be submitted to the jury, whether or not the connection of Leathe with the matter was as

a representative of the company, and not in his own behalf. Leathe was present at the meeting on March 25, 1893, of the stockholders and directors of the old and new companies, and, subsequently, when the appellees requested him to pay them for their interest in the Harmony mine, suggested that the settlement of the matter should be postponed to a future time.

As the instruction asked by appellant was defective as not being based upon the evidence, and as assuming the existence of a fact which did not exist, appellant is in no position to complain of the modification. (*Ryan* v. *Donnelly*, 71 Ill. 100). Even if, however, the court erred in making the modification complained of, a reversal on that ground would not be justified, inasmuch as it appears, that, by the verdict and judgment below, substantial justice has been done, and the jury could have reached no other result from the evidence. (*Ryan* v. *Donnelly, supra*).

Appellant complains of certain remarks made by counsel for the appellees in his argument to the jury. This objection, however, we cannot consider for the reason that there is nothing in the bill of exceptions in the case, which shows what remarks were made by counsel. Counsel for appellant assigned, among his reasons in support of his motion for a new trial in the court below, that counsel for appellees made a certain statement in his argument, but this is not sufficient to justify us in assuming that any such statement was made in the absence of any further showing upon the subject in the bill of exceptions. The court below, in signing the bill of exceptions, merely certified that such a reason had been assigned for the granting of a new trial, but did not, in fact, certify that any such statement was made in the course of the argument to the jury.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*