## Joseph Beifeld et al., Copartners as Joseph Beifeld & Co., et al., v. James Pease, for the use of, etc.

1. TRIALS—*By the Court Without a Jury—Effect of the Finding.*— The same force and effect is to be given to the finding of a judge in a case submitted to him without a jury as to the verdict of a jury.

2. VERDICTS—*When Not to be Set Aside for Improper Instructions.* —Where substantial justice has been done, even though improper instructions have been given, or proper instructions refused, the verdict will not be set aside.

**Debt**, on a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 18, 1902.

FELSENTHAL & FOREMAN, attorneys for appellants.

WARVELLE & CLITHERO, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an action in debt on a replevin bond, given by appellants, in a suit wherein they were plaintiffs and Thomas H. Dorney and Edward Katzinger were defendants. In that suit there was no trial upon the merits, and the plaintiffs took a voluntary non-suit, and a return of the goods was awarded. Thereafter, this suit was begun on the replevin bond, James Pease, as sheriff of Cook county, bringing the suit for the use of the defendants in the original suit.

It appears that the defendant Katzinger brought suit in attachment, in July, 1895, against one Lena Friedman, who was or had been in possession of a number of sewing machines in her place of business, as a manufacturer of fur garments, and the sewing machines were levied on by the defendant Dorney, a constable, by virtue of the attachment writ issued in said attachment suit, and the machines were removed by him from Lena Friedman's place of business. Thereupon the suit in replevin was brought by the appellants, they claiming to be the owners of the machines, by virtue of a bill of sale made to them by Lena Friedman.

The judgment in the attachment suit was in favor of Katzinger and was rendered on a claim by him for work as a gas fitter, under the provisions of the act entitled, "An act to protect employes and laborers in their claims for wages," approved June 21, 1895. Hurd's Statutes, 1899, p. 652.

In this suit on the replevin bond the defendants relied on their plea of title to the machines replevied, in themselves, in mitigation of damages, as they had the right to do under the statute.

On that issue the defendants failed, and we think properly so, under the evidence, which was clearly opposed by the decided weight of the evidence, to the defendants' claim. But the defendants (appellants) insist that the court erred in refusing to hold certain of their propositions of law offered by them to the effect that the labor preference statute, above referred to, did not apply to the case.

It appears by the bill of exceptions that the trial judge announced on the trial, that "even if defendants did purchase in good faith and obtain possession of the property in controversy, such purchase and possession did not pass the title thereof to defendants, as against the attachment writ obtained by Edward Katzinger, because it appeared that the claim of said Katzinger was for wages, and such claim is protected under the labor preference act of June 21, 1895;" and the propositions of law which were submitted by the defendants to be held, were for the purpose of raising the law questions involved in such ruling, and were directed to that end.

The course pursued by appellants of presenting the questions of law involved, was the proper one. West Chicago Park Commissioners v. Metropolitan West Side Elevated Railroad Company, 182 Ill. 246; Sec. 42, Practice Act.

But whether there was any error made by the court, or not, in refusing to hold the several propositions of law submitted by the appellants, need not be considered by us, because, on the main issue, of whether the levying of the attachment writ and taking possession of the property thereunder by appellees was prior to the possession claimed

by appellants under their bill of sale, the attaching creditor clearly prevailed, and his judgment was the right one, under the evidence.

As between the two, an error of law committed by the court, and a judgment which is plainly right and does no injustice, the judgment must stand, notwithstanding the error of law.

The same force and effect is given to the finding of a judge, in a case submitted without a jury, as to the verdict of a jury.    Wood v. Price, 46 Ill. 435.

And the cases are uniform and numerous that a judgment which is right on the facts, will be allowed to stand, although error was committed in the giving or refusal of an instruction.

If substantial justice has been done, even though improper instructions have been given, or proper instructions refused, the verdict will not be set aside.    Newkirk v. Cone, 18 Ill. 449; Dishon v. Schorr, 19 Ill. 59; Elam v. Badger, 23 Ill. 498; Schwartz v. Schwartz, 26 Ill. 81; Warren v. Dickson, 27 Ill. 115; McConnell v. Kibbe, 33 Ill. 175; Curtis v. Sage, 35 Ill. 22; Peoria Marine & Fire Ins. Co. v. Frost, 37 Ill. 333; Daily v. Daily, 64 Ill. 329; Tuttle v. Robinson, 78 Ill. 332; Chicago v. Hesing, 83 Ill. 204; Bromley v. Goodman, 95 Ill. 118, and many others.

With a finding in favor of appellee's levy on and possession of the property under his attachment writ, prior to the taking of possession by appellants under their bill of sale, it became immaterial whether appellants' claim to a preference under the statute was rightfully held or not.

The judgment is affirmed.