Michael Beyer, Administrator, Appellee, v. Peoria, Bloomington & Champaign Traction Company, Appellant.

1. DAMAGES—*what competent in action for death caused by wrongful act.* It is not error for the court to permit the plaintiff in such an action to show that the deceased left surviving him his wife and five children who constituted his family and that such deceased contributed to the support of such family, there being no attempt made to show that such widow and children were dependent or helpless.

2. EVIDENCE—*upon what expert testimony competent.* *Held,* that it was not error to permit a witness called as an expert upon the part of the plaintiff to testify as to whether or not certain boards placed by the defendant upon its messenger wire would in the condition in which he observed them afford any protection to the electric light wires at the point in question.

3. EVIDENCE—*when objection does not avail.* An objection to a question as not proper re-direct examination does not reach the form of the question.

4. EVIDENCE—*what incompetent in action for death caused by elec-*

*tric wires.* *Held,* that evidence introduced by the plaintiff over the objection of the defendant was incompetent which tended to show that upon one or more occasions when cars were being operated upon a certain street the trolley came off the trolley wire and was brought into contact with certain electric light wires whereby said electric light wires were burned and thereby damaged.

5. EVIDENCE—*what not part of res gestœ.* Evidence of a witness of certain circumstances which he claimed impressed certain alleged facts upon his mind in not part of the *res gestœ* and is incompetent.

6. EVIDENCE—*propriety in rebuttal.* Evidence properly admissible in chief may in exercise of the discretion of the court be allowed to be introduced in rebuttal.

7. INSTRUCTIONS—*when modification upon exercise of care erroneous.* The insertion of the word "alone" in an instruction which in effect authorized a verdict for the plaintiff notwithstanding the deceased at and immediately prior to his death had failed to exercise care and caution for his own safety, is erroneous and ground for reversal.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed May 28, 1910.

PRETTYMAN, VELDE & PRETTYMAN and J. H. MANNING, for appellant; GEORGE W. BURTON, of counsel.

GEORGE C. RIDER and W. R. CURRAN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in case by Michael Beyer, administrator of the estate of Henry Beyer, deceased, against the Peoria, Bloomington & Champaign Traction Company, to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. A trial of the cause in the circuit court of Tazewell county resulted in a verdict and judgment against the defendant for $7,500, to reverse which judgment the defendant prosecutes this appeal.

The declaration contains four counts. The first count alleges in substance that on April 1, 1907, and subsequent thereto, the defendant negligently kept and maintained on Bloomington street in the village of Morton, high tension

electric wires which were charged with a voltage of 3,300 volts and known by the defendant to be dangerous to human life; that said wires were connected with a certain messenger wire and trolley wire suspended at a height of about 18 feet from the ground and carrying a voltage of 3,300 volts, and known by the defendant to be dangerous to human life; that said system of wires was used by the defendant for propelling electric cars; that it was the duty of the defendant to so keep, use and guard its said wires that they would not come in contact with or convey electricity to a certain electric light wire which crossed over and above said messenger and trolley wires on said Bloomington street, but that defendant so negligently placed, kept and used its said wires on said street that the same came in contact with and communicated electricity to said electric light wire; that said electric light wire was not charged with electricity until it became so charged through contact with said messenger and trolley wires; that on April 25, 1907, plaintiff's intestate without having knowledge that said wires had come in contact, and without having knowledge that said electric light wire was charged with electricity, and believing that said electric light wire was a dead wire, came in contact with said electric light wire while the same was so charged with electricity by contact with said messenger and trolley wires, and was thereby then and there without fault on his part instantly killed by reason of the said negligence of the defendant; that the said deceased left him surviving Bena Beyer, his widow, and Ida E., Edward J., William H., Phillip M. and Henry O. Beyer his minor children and next of kin, and who by reason of his death had been deprived of their means of support. The second count is substantially the same as the first except the allegation that the deceased casually came in contact with said electric light wire. The third count contains a further allegation that certain electric light wires were placed on said Bloomington street under and by virtue of an ordinance of the village of Morton before the construction by defendant of its said high tension wires and its messenger and trolley wires on said street; that it was

the duty of the defendant in placing its said system of wires to so construct, keep and guard the same that they would not come in contact with or convey electricity to said electric light wires before that time placed along and across said street; that defendant so negligently placed, kept, managed and used its said system of wires and so negligently left the same unguarded at a certain point on said Bloomington street that said messenger wire of the defendant came in contact with one of said electric light wires there suspended above said messenger wire, whereby said electric light wire, which before said contact with said messenger wire was not charged with electricity thereby became instantly charged with the full voltage of electricity carried by said messenger and trolley wires; to wit: 3,300 volts and thereby became dangerous to human life; that plaintiff's intestate then and there being one of the owners of said electric light wires located on said street, without having knowledge that said system of wires of the defendant was in contact with said electric light wires, and without having knowledge that said electric light wires had thereby become dangerously charged with electricity, and believing that said electric light wires were then and there dead wires, without fault on his part, while working on said electric wires at the time and place aforesaid, came in contact with said electric light wires and was thereby instantly killed. The fourth count further alleges that the said electric light wires were placed along and across said Bloomington street by the Morton Light, Heat, Power and Water Company under and by virtue of an ordinance of the said village of Morton; that it was the duty of the defendant to keep its said messenger and trolley wires at a safe distance from the said electric light wires and not to change or raise its said messenger and trolley wires into close proximity to said electric light wires without giving notice of such proposed change to said Morton Light, Heat, Power & Water Co.; that said defendant, without notice to said company and without notice to the deceased and without his knowledge, negligently raised its messenger and trolley wires to a point where they were in dangerous proximity

to one of said electric light wires and thereby came in contact with one of said electric light wires; that at the time of his death the plant of said Morton Light, Heat, Power & Water Co., was shut down and the electric current generated in said plant was shut off from all of the said electric light wires; that while the deceased was working on said electric light wires as an agent and servant of said company, and without fault or knowledge on his part, he was by reason of the current of electricity induced by contact of said electric light wires with the messenger and trolley wires of the defendant through the negligence of the defendant aforesaid, instantly killed. A demurrer interposed by the defendant to the declaration and each count thereof was overruled by the court and thereupon defendant pleaded the general issue.

The uncontroverted facts pertinent to the issues involved are substantially as follows: In December 1901, the municipal authorities of the village of Morton granted to Moses S. Beyer, Frank Beyer and George Grimm, constituting a firm known as Beyers Bros. & Co., a franchise to use the streets of said village for the location, construction and maintenance of electric light poles and wires in connection with the operation of an electric light plant theretofore existing in said village, and subsequent thereto the deceased and his two brothers Moses and Frank Beyer became successors of the said firm of Beyer Bros. & Co. On March 15, 1907, articles of incorporation were issued to the Morton, Light, Heat, Power and Water Co., hereafter designated as the Morton company, and said corporation succeeded to the business of the co-partnership theretofore existing. In May, 1906, the defendant by virtue of an ordinance of said village of Morton was granted the right to construct and operate an electric railway on Bloomington street in said village, in and by which ordinance it was provided among other things, that the trolley wires of the defendant should be suspended at a height of not less than 18 feet above the rails. The poles and wires of the Morton company were located on the south side of Bloomington street and upon the north side of said street were located the poles and wires

of two separate telephone companies. Prior to March 29, 1907, negotiations had been pending between the Morton company and the defendant relative to the raising by the Morton company of its electric light wires so as to prevent wires of the defendant at points on said Bloomington street where said electric light wires of the said Morton company crossed and were suspended above the messenger and trolley wires of the defendant, and on that day the defendant gave to the Morton company its check for $275 as in "full payment for all labor, material and claims of whatsoever nature due to the removal of all wires, street lights, hangers, etc., which are required by the construction of the trolley wires and supports through Morton," which check was cashed by the Morton company on April 4th, following. At the time said check was given the defendant knew that the Morton company did not have the necessary poles and material to perform the conditions of the agreement, and such poles and material were ordered by the Morton company on April 8th or 10th. The poles so ordered did not arrive in Morton until April 27th. On April 13, 1907, the defendant commenced to operate its electric cars on Bloomington street. On April 24, 1907, the Morton company placed a new pole on the south side of Bloomington street at a point opposite the residence of the deceased in lieu of an old pole which had then broken, and the electric light wires extending north and east from said pole having been cut or taken down were wrapped around said new pole. On April 25, 1907, the deceased with his son William, after having turned off the switches at the plant of the Morton company so as to cut off the current of electricity from the wires on Bloomington street, which required repairing, went to the place indicated and commenced the work of repairing said wires. When the deceased had taken down the wires which had been wrapped around the new pole on the day preceding, as heretofore stated, and was about to climb said pole having said wires in his hands, he was almost instantly killed by a current of electricity of approximately 3300 volts which was communicated to said wires by the messenger wire of the de-

fendant at a point on Bloomington street some distance west, known as Mosiman's crossing, where the electric light wires of the Morton company extending north on Deneen avenue were suspended above the messenger and trolley wires of the defendant without any guard having been placed by the defendant above said messenger and trolley wires.

It is claimed by the plaintiff that on the day preceding the death of his intestate the defendant raised its messenger and trolley wires on Bloomington street at the Mosiman crossing, and for some distance east and west of that point by removing the "I" bolts attached to the brace wires, which supported the messenger and trolley wires, from the holes in the poles in which said bolts were theretofore inserted to other holes in said poles which were bored from $7\frac{1}{2}$ to 14 inches above the lower holes, and that the messenger wire was thereby raised so that the same was only from 1 to 2 inches below the electric light wires at said Mosiman crossing; that said messenger and trolley wires of the defendant were so raised by it without notice to, and without the knowledge of the deceased, or the Morton company. Several witnesses called on behalf of the plaintiff testified unequivocally to the raising by the defendant of its messenger and trolley wires in the manner described, and to the close proximity of the electric light wires to the messenger wire of the defendant, after said messenger wire was so raised. Plaintiff also introduced evidence tending to show that such close proximity of the defendant's messenger wire to the electric light wires constituted a most dangerous condition; that neither the deceased nor the Morton company had any notice or knowledge of the alleged raising by the defendant of its messenger and trolley wires at the place indicated, and of the dangerous condition there existing by reason thereof, and that the deceased at and before his death was in the exercise of due care and caution for his own safety. In this state of the record, so far as the evidence introduced on behalf of the plaintiff was concerned, the giving of the peremptory instruction tendered by defendant at the close of such evidence would have been palpably unjustifiable and erroneous. The

contention of defendant that the memorandum contained in the check for $275, given by it to the Morton company constituted a contract whereby the Morton company was required in any event to furnish the material and perform the work there mentioned immediately upon the acceptance of said check, and that the defendant was warranted on April 24, 1907, in acting upon said contract as though the same had been performed in fact by the Morton company, and that the failure of the Morton company to perform said contract prior to that date constituted such contributory negligence on the part of the Morton company and of the deceased, the president of said company, as precludes a recovery in this case, is wholly untenable. No time was fixed in said alleged contract for its performance by the Morton company and the law would require its performance within a reasonable time, but admitting that such reasonable time had elapsed the defendant would not be warranted in raising its messenger and trolley wires so that the same would come in sufficiently close contact with the wires of the electric light company to create a condition dangerous to human life, without notice to said Morton company.

It was claimed on behalf of the defendant and evidence was introduced by it tending to establish such claim, that the poles of the Morton company on Bloomington street were so old and decayed that the wires of the Morton company were not properly and sufficiently supported thereby, and that the close proximity of said wires to the messenger wire of the defendant at the Mosiman crossing was caused by such wires being loose and sagged, and not by the raising of its messenger and trolley wires by the defendant; that the "I" bolts which supported said messenger and trolley wires had never been inserted in the lower holes upon its poles and that said "I" bolts had not been moved from said lower holes to said upper holes; that the deceased and the Morton company had full knowledge of the close proximity of the electric light wires and the messenger wire at the Mosiman crossing, and that the deceased was guilty of contributory negligence in attempting to handle the electric light wires without the

use of rubber gloves or rubber boots, and while standing on wet ground. Upon the questions of fact involved the evidence is exceedingly close and in hopeless conflict. As the judgment must be reversed and the cause remanded for errors of law hereafter mentioned we forbear a consideration and discussion of the facts other than to say that a most careful examination of the evidence as it appears in the record impels us to the conclusion that if such errors of law had not intervened we would not be justified in holding that the verdict of the jury was palpably wrong.

Over the objection of the defendant the court permitted plaintiff to show that the deceased left surviving him his widow and five children who constitute the family of the deceased, and that the deceased contributed to the support of his wife and children. The amount recoverable as damages, if any, was for the exclusive benefit of the widow and next of kin of the deceased and the plaintiff was required to allege and prove that the deceased left him surviving a widow and next of kin. There was no attempt made to show that the widow and the children of the deceased or any of them were dependent or helpless and it was not error to admit the evidence complained of. P. C. C. & St. L. Ry. Co. v. Kinnare, 203 Ill. 388; Brennen v. Carterville Coal Co., 241 Ill. 610; Goddard v. Enzler, 222 Ill. 462; Swift v. Gaylord, 229 Ill. 330.

It was not error to permit the witness Waggoner called as an expert on the part of the plaintiff to testify as to whether or not certain boards placed by the defendant upon its messenger wire would in the condition in which he observed them afford any protection to the electric light wires at the point in question. The form of the interrogatory propounded to said witness upon his re-direct examination with reference to the office of a certain fuse box maintained by the Morton company upon one of its poles at or near the Mosiman crossing, was objectionable, but the objection interposed by appellant that the question was not proper re-direct examination of the witness was not tenable, and the answer of the witness to said question was not open to objection.

Some evidence was introduced by the plaintiff over the objection of the defendant tending to show that upon one or more occasions when cars were being operated upon Bloomington street the trolley came off the trolley wire and was brought into contact with the electric light wires of the Morton company, whereby said electric light wires were burned and otherwise damaged. This evidence had no bearing upon any issue involved in the case and the negligence of the defendant in that respect could not by any possibility have contributed to the death of the plaintiff's intestate. In a case as close upon the facts as is the case at bar the admission of such evidence was prejudicial to the defendant.

It is urged that the court improperly struck from the record the statement made by the witness, Hoover, called on behalf of the defendant relative to certain circumstances which he claimed impressed upon his mind the alleged fact that no change was made in the height of the trolley and messenger wires at the Mosiman crossing. The statement was no part of the *res gestæ,* was mere hearsay and not admissible within any exception to the rule excluding hearsay evidence, and was properly stricken from the record.

Objection is made to the ruling of the court in permitting plaintiff to offer certain evidence in rebuttal. The evidence so offered was properly admissible in chief and the propriety of its admission in rebuttal was within the sound judicial discretion of the trial court, the exercise of which discretion is not assignable as error. Hartrich v. Hawes, 202 Ill. 334; Cleveland Seed Co. v. Moore, 142 Ill. App. 615.

In view of what we have heretofore said relative to the duty of defendant not to raise its messenger and trolley wires on Bloomington street without notice to or knowledge of the Morton company notwithstanding the failure of the Morton company to furnish certain material and perform certain work as required by its contract therefor within a reasonable time after the making of said contract, the objections urged by the defendant to instructions 14a and 15a given at the instance of the plaintiff are not tenable, and the instructions as given could not have operated to its prejudice, but the

reference in said instructions to said contract, if such reference was deemed necessary by the plaintiff, would have been more accurate if the time within which the contract was to be performed by the Morton company had been stated to be a reasonable time thereafter.

Instruction number 26 as offered by the defendant was bad for the reason last before stated and should have been refused by the court.  The same instruction as modified by the insertion of the word "alone" in the two clauses thereof, and given by the court did not operate to cure the error in the second clause, which was a statement of the law more favorable to the defendant than it was entitled to have given to the jury, and of such error it cannot complain, but the insertion of the word "alone" in the first clause of the instruction in effect authorized a verdict for the plaintiff notwithstanding the deceased at and immediately prior to his death had failed to exercise due care and caution for his own safety. In this respect the instruction as given was in this case clearly prejudicial to the defendant.  To obviate the objection urged counsel for plaintiff attempt to invoke a rule, stated as follows:  "A party who asked the court to give improper instructions cannot complain of the court's action in modifying them even when the court fails to make them good." Without determining the accuracy of the rule as stated it is not applicable to a case as close upon the facts as is the case at bar.  Ryan v. Donnelly, 71 Ill. 100; Crown Coal Co. v. Taylor, 184 Ill. 250.  The modification by the court of the 27th instruction tendered on behalf of the defendant is fully sustained by the views heretofore expressed, and the same is true of the modification by the court of the 28th, 29th, 30th and 31st instructions offered by the defendant.

We have carefully considered all of the other errors assigned and argued by defendant but find nothing therein deserving of comment.  For the errors indicated the judgment of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*