Thomas Kelly, Appellee, v. Northwestern Elevated Railroad Company, Appellant.

### Gen. No. 16,898.

1. DAMAGES—*when $1,000 for injuries to head is not excessive.* Where a steamfitter forty-five years old, in good health, working "pretty steady" and receiving $5.50 a day, is struck on the head by a five-pound bolt falling from an elevated railroad structure and he suffers almost constantly with headache and dizziness, so that up to the time of the trial two years later he had been unable to work at his trade more than four months, a verdict for .$1,000 is not excessive.

2. APPEALS AND ERRORS—*discretionary act.* To permit a physician to testify in rebuttal in a personal injury case is so far a matter of discretion that error may not be assigned thereon.

Appeal from the Superior Court of Cook county; the Hon. THEO-DORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed January 29, 1913.

SHERIFF, DENT, DOBYNS & FREEMAN, for appellant; CLARENCE A. KNIGHT, of counsel.

DAVID K. TONE and H. M. ASHTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

In his action on the case to recover damages for

personal injuries, etc., the plaintiff, Thomas Kelly, re-covered a verdict and judgment against defendant, the Northwestern Elevated Railroad Company, in the Superior Court for $1,000, to reverse which judgment the defendant prosecutes this appeal.

We quote from the appellant's "Statement of Facts" as follows:

"The declaration charges, in substance, that on the 30th day of May, 1908, the defendant ran its cars over an elevated structure which projected above the side-walk at the southwest corner of the intersection of Wells and Michigan streets, in the City of Chicago, and that while the plaintiff was walking in a southerly direction on the west side of Wells street, he passed under said structure, and that an iron bolt six inches in length, weighing five pounds, fell from said elevated structure and struck him on the head, and that he thereby sustained severe injuries to various parts of his body, and that the drum of his left ear was broken, and that in consequence thereof he was deprived of his hearing in his left ear, and will so continue to be deprived of his hearing in said ear during the rest of his life. That by reason of said injuries he became sick, lame and disordered and suffered great pain, and was hindered from performing his usual occupation, and was prevented from earning his livelihood.

"The tracks of the Northwestern Elevated Railroad Company are upon an elevated structure about twenty feet from the surface of the street and run in the cen-ter of Wells street to Michigan street where they curve to the west. At the intersection of Michigan and Wells streets the structure passes above the west side-walk of Wells street.

"On the 30th day of May, 1908, there were a number of men working on this structure at that point. Thomas Kelly, the plaintiff, who is a steamfitter, was walking north on the west side of Wells street. When he reached the intersection of that street with Michi-gan street, the point at which the structure of the de-fendant company curves to the west, a bolt fell from said structure and struck him on the left side of the head, about an inch and a half or two inches back of

the ear.   The accident which occurred between nine and nine-thirty o'clock in the morning produced a scalp wound which was dressed by a doctor at about six o'clock in the evening of the same day.   A few days later pus appeared in the left ear.   This condition continued for several months, the ear being treated by an ear specialist.   The plaintiff worked only a few weeks from the time of the accident until the trial which took place in the middle of March, 1910.

"There was no conflict in the evidence upon these points."

The liability of appellant to respond in damages is not controverted, but it is insisted, as grounds for reversal, that the damages awarded are excessive and that the trial court erred in permitting Dr. Payne, a witness called by appellee, to testify in rebuttal over the objection of appellant.

In addition to the uncontroverted facts heretofore stated the record discloses the following:  At the time of the accident appellee was 45 years of age, a steam-fitter by trade, working "pretty steady," and receiving $5.50 per day.   Since the accident, and up to the trial in March, 1910, he had, in addition to an injury to his ear, if any, suffered almost constantly with headache and dizziness to such an extent that he had been unable to work at his trade more than four months. Previous to the accident his health had been good.

If the alleged injury to his ear be wholly eliminated as an element of damage, it is manifest that the damages awarded to appellee are not fully compensatory.

The action of the trial court in permitting Dr. Payne to testify in rebuttal over the objection of appellant was so far a matter of discretion that error may not be assigned thereon.   Hartrich v. Hawes, 202 Ill. 334; Beyer v. Peoria, Bloomington & Champaign Traction Co., 156 Ill. App. 47.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*