## Charles Kotz v. City of Chicago and Illinois Central R. R. Co.

1. REAL ESTATE—*Damages Caused by Embankments.*—The building of an embankment by a railroad upon its own ground gives no right of action to persons whose property is injured thereby.

2. STREETS—*Liability for Changing Grades.*—Lowering the grade of a street is not *per se* a wrong, but if it be the cause of injury to private property, being done for public use, any damages allowed therefor must be paid by the public who use the street.

3. PARTIES—*Consequences of Misjoinder.*—A declaration in case against two defendants for what can be a cause of action against but one of them is demurrable.

Trespass on the Case, for injuries to real estate by the construction of an embankment, and the lowering of a street. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

WILLIAM E. HUGHES and SAMUEL M. BOOTH, attorneys for appellant.

C. V. GWIN, attorney for appellee, the Illinois Central Railroad Company; FRANK HAMLIN, attorney for appellee, the city of Chicago; JAMES FENTRESS, of counsel.

As to the allegations and averments in each of said additional counts in regard to the property of the plaintiff having been damaged by the elevation of the tracks and road-bed of the Illinois Central Railroad Company, it does not appear in and by the allegations and averments in either

of said counts that any legal right of the plaintiff was thereby violated, impaired, or in anywise interfered with; nor does it appear that the said defendants or either of them thereby committed any breach of a legal duty or obligation due and owing by them or either of them to the plaintiff.

Because a railroad company has the same right as a private individual to erect proper structures for railroad uses on its own right of way. Chicago & Western Indiana R. Co. v. Cogswell, 44 Ill. App. 388; Galt v. Chicago & North-Western R. Co., 157 Ill. 125; Illinois Central R. Co. v. Chicago, 156 Ill. 98; Cassidy v. Old Colony R. Co., 141 Mass. 174; New Orleans, B., etc., R. Co. v. Brown, 1 So. Rep. 637; Pennsylvania R. R. Co. v. Lippincott, 116 Pa. 472; 30 A. & E. R. R. Cas. 399; Hayden v. Skillings, 29 A. & E. R. R. Cas. 316; Pierce v. B. & L. R. Co., 27 A. & E. R. R. Cas. 363, and not 366; Henry v. Dubuque, etc., R. Co., 2 Ia. 288, 301.

Because it does not appear from any fact stated in either count that any private right of the plaintiff was interfered with or violated by the elevation of the tracks and the building of the embankment, as would at common law entitle him to maintain an action for damages against a private individual building like structures on his own land for private use, nor does it appear from any fact stated that the plaintiff had or was entitled to enjoy any right of access to and from his lot or a right of passage, or easement of light, air or view over the right of way upon which the tracks and road-bed of the company were elevated and the embankment constructed. Rigney v. City of Chicago, 102 Ill. 64; Caledonian R. Co. v. Ogilvy, 2 Macq. H. L. C. 229; Metropolitan Board of Works v. McCarthy, L. R. 7 H. L. 243; C., M. & St. P. Ry. Co. v. Darke, 148 Ill. 226; Barrows v. City of Sycamore, 150 Ill. 588; City of Chicago v. Burcky, 158 Ill. 103; 1 Sedgwick on Damages (8 Ed.), 32; Cooley on Torts, p. 63; 1 Wood on Nuisances (3 Ed.), 57.

As to light and air, see Keating v. Springer, 146 Ill. 481; Guest et al. v. Reynolds, 68 Ill. 478; Gerber v. Grabel, 16 Ill. 217.

As to the allegations and averments in each of said counts averring damages to plaintiff's property by the depression of 60th street, it appears by said counts that the Illinois Central Railroad Company in depressing said street was acting in obedience to the lawful authority, command and direction, and as an agent of the city of Chicago in depressing said street, and that the public use for which it was depressed was for the use of a public street and not for the use of the Illinois Central Railroad Company, and the plaintiff has no right of action therefor against the defendant, the Illinois Central Railroad Company; wherefore the Illinois Central Railroad Company and the city of Chicago are improperly joined as parties defendant.

As to the allegations and averments in said counts averring damages to plaintiff's property by the elevation of the tracks and road-bed of the Illinois Central Railroad Company, it appears that the public use for which said tracks and road-bed were elevated were for the use of the Illinois Central Railroad Company, and not for the use of the city of Chicago as a municipality, and the plaintiff has no right of action therefor against the defendant, the city of Chicago; wherefore the Illinois Central Railroad Company and the city of Chicago are improperly joined as parties defendant. Culbertson Packing Co. v. Chicago et al., 111 Ill. 651; City of Olney v. Wharf, 115 Ill. 519; Tinker v. Rockford, 137 Ill. 123; Atchison, T. & S. F. R. Co. v. Lenz, 35 Ill. App. 330; Benner v. Atlantic Dredging Co., 134 N. Y. 156; 31 N. E. 328; Interstate Consolidated Rapid Transit Co. v. Early, 46 Kan. 197; 26 Pac. 422; Atchison, T. & S. F. R. Co. v. Arnold, 52 Kan. 729; 35 Pac. 780; Atchison, T. & S. F. R. Co. v. Luening, 52 Kan. 732; 35 Pac. 801; Webb's Pollock on Torts, 154; Geddis v. Proprietors of Bann Reservoir, 3 App. Cas. 455; Caledonia R. Co. v. Walker's Trustees, 7 App. Cas. 293; Mercy Docks Trustees v. Gibbs, L. R. 1, H. L. 112; Hammersmith R. Co. v. Brandt, L. R. 4, H. L. 171; Northern Transportation Co. v. Chicago, 99 U. S. 635; Broom's Legal Maxims, 11, 12; 2 Wood on Nuisances (3d Ed.), 1018, Sec. 751; Addison on Torts, 738.

Under the Constitution of this State, where the legislature

has conferred the power of eminent domain upon a municipal or other corporate body to enable it to construct works for a particular public use, the grantee exercising such power and damaging private property by the construction of suitable works for the particular public use for which such grantee is authorized to construct such works, and thereby damage private property for the particular public use, is, in the absence of negligence in the construction of such works, alone liable to the owner for compensation for the property so damaged; and the agents, servants or employes of such grantee acting under its direction and personally engaged in making, building and adapting the requisite structures for the authorized public use, are not liable to such owner for damage to property resulting from such structures made by them in a reasonably skillful, prudent manner, free from negligence, and no action can be maintained by the owner of the property damaged against such persons as tortfeasors.    Brickett v. Haverhill Aqueduct Co., 142 Mass. 394; 8 N. E. Rep. 119; Northern Transportation Co. v. Chicago, 99 U. S. 635; Benner v. Atlantic Dredging Co., 134 N. Y. 156; 31 N. E. Rep. 328; Webb's Pollock on Torts, 154, 155; 2 Wood on Nuisances (3d Ed.), 1018, Sec. 751.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Appellant owns a lot at the southwest corner of the intersection of Sixtieth street with the right of way of the Illinois Central Railroad, in Chicago. Before the track of the railroad was raised, over it from his lot he could receive the wholesome east wind from Lake Michigan, and view the beauties of Jackson Park. The track has been raised twenty feet and filled to that height, and the street in front of his lot cut down four feet; all to the injury of his lot in value, and obstruction of access to it.

For these misdeeds, committed jointly by them, he sued the city and the railroad, and they demurred.

The court sustained the demurrer, and final judgment was entered for the appellees.

Raising and filling the railroad track upon the railroad's own ground, gives the appellant no right of action against

anybody. C. & W. I. R. R. v. Cogswell, 44 Ill. App. 388.

If the lot of the appellant is damaged by cutting down the street, we will assume, but not decide, that he is entitled to recover the amount of that damage from the city but not from the railroad any more than he would be to so recover from the laborers who shoveled there.

The cutting down the street is not *per se* a wrong, but if the cause of injury to private property, though it be done for public use, the damage must be compensated by the public who use.

The declaration therefore is against two, partly for what is no cause of action against anybody, and partly for what can be a cause of action against but one of the defendants.

In such case the defendants may join in demurrer. 1 Ch. Pl. 97, Ed. 1883, and note 5.

The judgment is affirmed.