## City of Chicago v. John Jackson.

1. DAMAGES—*What is Not a Proper Element in Assessing.*—Evidence tending to show what the extent of traffic was upon one side of a street compared to the traffic on the other sidewalk, and to show that by reason of the change in the grade, traffic had been diverted from the

east to the west side of the street, is not competent to show such temporary diversion of traffic as an element proper for the jury to consider in assessing damages.

2. SAME—*Evidence Presenting an Element Which the Jury Can Not Consider in Assessing Damages.*—Evidence as to the number of trains which stopped at a station near the property in question before and after the change of grade, is error, as presenting an element which the jury could not properly consider in assessing damages.

3. SAME—*Effect of Change of . Grade in Making Connection with City Sewer.*—There is no error in admitting evidence as to the location of the city sewer and the difficulty which would result from the change of grade in connecting a basement in any building upon plaintiff's lot with such sewer.

4. SAME—*Evidence as to the Number of Tenants in a Building Opposite to the Property in Question.*—Evidence as to the number of tenants in a building opposite to the plaintiff's property is not proper as a measurement of the damage to plaintiff's property.

5. JUDGMENT—*When it Will Not be Reversed for Errors in Procedure.*—Where substantial justice has been accomplished through the trial, and where it seems obvious that no decision more favorable to the defendant would result from another trial, it is not necessary, nor is it proper, that the judgment should be reversed because of the errors in procedure indicated in this case.

**Action in Case,** for damages from change of street grade. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed March 12, 1900.

**Statement.**—The appellant, the city of Chicago, passed an ordinance requiring the Chicago & Northwestern Railway Company to elevate its tracks and right of way within the limits of said city, and in connection therewith, and as part of the work, to construct subways under the railroad tracks at certain intersecting streets. One of these subways was part of West Fortieth street, upon which. street property of appellee was located. By the construction of the subway under the right of way of the railroad company, the street, of which the subway was part, was lowered in front of the property of appellee. Previous to this lowering of the street it had been so that the sidewalk and street were practically at grade with the lot of appellee, and the building upon appellee's lot, which was a two-story brick store building, had its store floor one step only above

the level of the sidewalk.    After the lowering of the street
the grade of the street in front of appellee's property was
eight feet below the level of the store, and the sidewalk in
front of the building was lowered about four feet; so that
after the improvement, the sidewalk was four feet above
the roadway of the street, and the store floor of appellee's
building was four feet above the sidewalk and eight feet
above the roadway of the street.    The city constructed a
series of seven steps from the street to the sidewalk, and
appellee constructed another series of seven steps from the
sidewalk to the store floor of his building.

This suit was brought by appellee as an action on the
case to recover from appellant the damages thus caused to
his property by the lowering of the street and sidewalk.
The jury returned a verdict for appellee and assessed his
damages at $2,000.    From judgment upon that verdict this
appeal is prosecuted.

Charles M. Walker, corporation counsel, and Thomas J.
Sutherland, attorneys for appellant.

The only damage to be arrived at in this case is the dif-
ference between the value of the plaintiff's property just
before the closing of the street and that immediately after
the closing.    C., M. & St. P. R. R. Co. v. Hall, 90 Ill. 42;
Met. West Side Elev. R. R. Co. v. Stickney, 150 Ill. 362;
Wabash, St. L. & Pac. Ry. Co. v. McDougall, 126 Ill. 111;
Osgood v. City, 154 Ill. 198.

Loss of business, in fixing market value and injury by a
public improvement, can not be shown, either as to the prop-
erty in question nor as to neighboring property.    Ill. Cent.
R. R. Co. v. Lostant, 167 Ill. 85; J. & S. E. Ry. Co. v. Walsh,
106 Ill. 253; Chicago & Pac. R. R. Co. v. Francis, 70 Ill.
238; Braun v. Met. West Side El. R. R. Co., 166 Ill. 437.

Hamlin & Boyden, attorneys for appellee.

Damages caused to real estate by extraordinary changes
in the grade of a public highway are recoverable since the
adoption of the present constitution.    Rigney v. Chicago,

102 Ill. 64; Brereton v. City of Pekin, 67 Ill. 477; Shaw-
neetown v. Mason, 82 Ill. 337; Cram v. Chicago, 80 Ill.
App. 350; Marshall v. Chicago, 77 Ill. App. 351; Springer
v. Chicago, 135 Ill. 552; Osgood v. Chicago, 154 Ill. 194;
Elevated Ry. v. Stickney, 150 Ill. 362.

When the owner is deprived of the legitimate use of his
property, or its value is impaired by the act of the city, he
may recover.    1 Chitty on Pleading, 254; People v. Lane, 36
Ill. App. 649; Insurance Co. v. Bank, 61 Ill. 482, 485;
Shawneetown v. Mason, 82 Ill. 337.


MR. PRESIDING JUSTICE SEARS delivered the opinion of the
court.

The only errors assigned which are argued by counsel for
appellant in their briefs, relate to rulings of the trial court
in admitting or excluding evidence and the refusing of one
and the giving of one of the instructions.

Evidence was admitted tending to show what the extent
of traffic was upon the east sidewalk of West Fortieth street
compared to the traffic on the west sidewalk, and to show
that by reason of the change in the grade, traffic had been
diverted from the east to the west side of the street.    This
testimony could only be proper in so far as it was of neces-
sity brought out in discovering the elements upon which
the experts based their opinions.    It was not competent to
show such temporary diversion of traffic as an element
proper for the jury to consider in assessing damages.    Hoh-
mann v. City, 140 Ill. 226.

And so far as its admission may be said to have been for
that purpose, it was error.    It was sought to cure the error
indicated by an instruction given to the jury by the court,
by which they were informed that the evidence as to traffic
could only be considered for the purpose of arriving at a
conclusion as to whether access to the premises of appellee
had been interfered with by the change of grade.    This
is the instruction, the giving of which constitutes one of the
errors assigned and argued.    We are of opinion that the
instruction failed to cure the error.    The matter of the

physical condition of the street and sidewalk, and lot and building, were all capable of direct and certain proof, without resort to proof dependent upon the action of the traveling public.

Whether access was in fact cut off or impeded could be determined by a showing of the physical condition through witnesses, and by the view of the premises which was had by the jury, without looking to the actions of persons passing upon the street and attempting to analyze their motives for taking the one sidewalk or the other.

Another error complained of was the admitting of evidence as to the number of trains which stopped at the station at West Fortieth street, near the property in question, before and after the change of grade. This presented an element which the jury could not properly consider in assessing appellee's damages. Kotz v. City of Chicago et al., 70 Ill. App. 284.

We are of opinion that there was no error in admitting evidence as to the question of the city sewer and the difficulty which would result from the change of grade in connecting a basement in any building upon appellee's lot with such sewer. It is difficult to see why this element of damage was not one proper for consideration.

We do not regard the ruling of the court as an abuse of discretion when it limited the experts to testifying to the effect of general depreciation in value of near by property.

The court was not bound to let the witness travel over the entire city in giving estimates as to such depreciation. Some limitation was proper. The degree of the limitation was a matter largely of discretion. We do not think the discretion was abused when the court confined the expert to a territory of three blocks about the property in question.

Counsel for appellee were permitted, over objection, to cross-examine one expert as to his knowledge of the number of tenants in a building opposite to the property of appellee. It was not proper as a measurement of the damage to appellee's property. M. W. S. E. R. R. Co. v. White, 166 Ill. 375.

City of Chicago v. Jackson.

It is complained that the court erred in excluding testimony of one witness as to the general effect of the improvement upon other property. But the witness was permitted to testify that the effect had been beneficial.

There was no error in refusing to instruct the jury to find for the defendant.

These are the only complaints made as to matters of procedure.

The only remaining question to be considered is as to whether the errors above indicated are such as should lead us to reverse the judgment and remand the cause for another trial. We are of opinion that they are not.

It is beyond dispute that appellee's property has been put to a disadvantage and damaged by having the sidewalk and street in front of it lowered, the one to the extent of four feet and the other to the extent of eight feet. No amount of expert evidence would be likely to ever convince any jury that this did not effect a damage to the property. The witnesses who testify to values and extent of injury, do not differ widely, except in the case of those who testify that there was no damage. Coe testified to damages amounting to $3,500; Bogue estimated the damage at from $3,500 to $4,000; Snyder at $3,400; and Cushing at $4,000. The witnesses who testified simply to the cost of adjusting the building to the new grade of the street, fixed the cost at different sums; Marble at $2,539.86, Holman at $2,543, and Cook at $2,529.35. Mace, a witness called by the city, testified as follows:

"Q. Mr. Mace, in your judgment would it be the best thing for Jackson to lower his building lower than the sidewalk down to the street level?"

"A. Well, I certainly would like it, if I owned it, that way, similar to across the street."

This witness testified that to lower the building to the sidewalk level only would not be "a feasible changing of the building," and that to lower it to the street level, four feet below the sidewalk, which was the only feasible adjustment to the new conditions, would cost $2,080.40.

We think it apparent from all the evidence that the prop-

erty of appellee has been damaged, and that the verdict assessing that damage at $2,000 was a fair and just ascertainment. Where substantial justice has thus been accomplished through the trial, and where it seems obvious that no decision more favorable to the appellant would result from another trial, it is not necessary, nor is it proper, that the judgment should be reversed because of the errors in procedure above indicated. Newkirk v. Cone, 18 Ill. 449; Dishon v. Schorr, 19 Ill. 59; Schwartz v. Schwartz, 26 Ill. 81; H. E. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; The Penn. Co. v. Stoelke, 104 Ill. 201; The L. C. & M. Ass'n v. Zerwick, 77 Ill. App. 491; I. & I. S. Ry. Co. v. Wilson, Id. 608.

The judgment is therefore affirmed.