### RHODA VINSON *et al.*
#### *v.*
### ARMINDIA SCOTT *et al.*

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*when decree will not be reversed.* If the verdict of the jury, under the evidence, is the only one which could properly have been given without it being the duty of the court to set it aside, a decree entered in accordance with such verdict will not be reversed.

2. SAME—*when the admission of incompetent evidence will not reverse.* In a suit to set aside a will for mental incapacity of the testator it is error to allow a transcript of an unsuccessful proceeding for the appointment of a conservator for the testator; but such error will not reverse where there is sufficient competent evidence to sustain the chancellor's finding.

APPEAL from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

TIPTON & TIPTON, for appellants.

LEMON & LEMON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of DeWitt county on the verdict of a jury dismissing a bill in chancery by the appellants, against appellees, to

contest the last will and testament of William Cisco. The case was tried upon the same evidence as that before the chancellor in case No. 2534,—a bill by the same complainants against the same defendants, to set aside a deed. The controversy involves the same property and the facts sufficiently appear in the former case. (See *Vinson* v. *Scott, ante,* p. 144.) The evidence in that case discloses that the deed in question and the will here contested were executed upon the same day and were both made to accomplish the same purpose,—*i. e.*, to convey the title to the lands in controversy to Armindia Scott. In the court below both cases were decided in favor of the defendants, and as we have affirmed the decree below holding the deed valid, the decision of this case becomes immaterial, except in so far as it involves the question of costs.

Upon the jury trial of this case, as before stated, the same evidence was introduced as was heard by the chancellor on the bill to set aside the deed. It is earnestly insisted by counsel for appellants that the court erred in admitting in evidence transcripts of the proceedings in the county court of DeWitt county on two separate applications to that court by two of the complainants in this bill to have a conservator appointed for said William Cisco, and it is also urged as a ground of reversal that proper instructions to the jury, asked by the complainants, were refused and improper instructions on behalf of the defendants given. As to the competency of the testimony objected to, we are inclined to agree with counsel as to its irrelevancy, but in view of the other testimony in the case we are not prepared to hold that its admission should work a reversal of the judgment below. Nor do we feel called upon to enter into a consideration of the several errors assigned upon the ruling of the trial court in giving and refusing instructions. In view of the large number of voluminous instructions requested by either party, the most of which

were given, it would be a matter of surprise if they could all be said to be accurate.

In our examination of the evidence we have reached the conclusion that the verdict of the jury "that the writing offered in evidence is the last will and testament of William Cisco, Sr.," was the only verdict which could have been rendered, and that if the jury had found differently it would have been the imperative duty of the court to set aside the verdict. In such a state of case the law is well settled that a court of review will not reverse the judgment below. *Ryan* v. *Donnelly*, 71 Ill. 100; *Jackson* v. *People*, 126 id. 139.

The decree of the circuit court will be affirmed.

*Decree affirmed.*