## Laura Baker, Appellee, v. State's Accident Insurance Company and American Bankers' Insurance Company, Appellants.

### Gen. No. 6,279.

INSURANCE—*when insured confined in house within health insurance policy.* An insured, under a health and accident insurance policy providing for payments during such time as the insured might be necessarily confined in the house, by reason of disease or illness which would wholly deprive her from pursuing her occupation, *held* entitled to recover though she went to and from her house to the office of her physician to receive treatment.

Appeal from the County Court of Peoria county; the Hon. CHESTER M. BARNETT, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

GEORGE J. JOCHEM, for appellants.

KIRK & SHURTLEFF, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is an action in assumpsit commenced by the appellee, Laura Baker, in the County Court of Peoria county against the appellants, the State's Accident Insurance Company and the American Bankers' Insurance Company. The suit is based upon a benefit claimed by the appellee under the terms of a certain health and accident insurance policy issued to her by the State's Accident Insurance Company, which was subsequently absorbed and taken over by the American Bankers' Insurance Company.

The appellee claims an insurance in the sum of $15 per week for the first two weeks, and $25 per week for the next fifty weeks, during such period of time, if any, in which the insured might be necessarily confined in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the house by reason of disease or illness, which, independently of all other causes, would wholly disable and prevent her from performing any and every duty pertaining to her occupation as a seamstress. In her amended declaration she avers that on July 1, 1915, in the City of Peoria, where she resided and pursued the occupation of seamstress, in some manner unknown to herself, she became afflicted with sore eyes, so much so that she immediately thereupon consulted an eye specialist for necessary treatment, and that from and after such 1st day of July, 1915, the appellee became and remained so severely afflicted and diseased by reason of such disability or illness that independently of all other causes she was thereby wholly disabled and prevented from performing any and every duty pertaining to her said occupation, namely, seamstress, and that she continuously so remained wholly disabled and prevented from performing any and every duty pertaining to her said occupation as seamstress on and from said 1st day of July, 1915, and to and including the 16th day of August, 1915, and that she was during all of the aforesaid period necessarily confined in the house, except that she was able to go and come to and from her home to the office of said eye specialist for treatment. But that she was not during all of the aforesaid period able to perform any duty whatever pertaining to her said occupation as a seamstress, and that she did not perform any of such duties pertaining thereto or any other duty whatsoever during said period of time.

The appellants filed a general demurrer to the declaration containing the averments above set forth and the court overruled the demurrer. Appellants elected to abide by the demurrer, whereupon the court rendered judgment against them for $147.85, and costs of suit, and the appellants prosecute this appeal to reverse the judgment.

It is contended by the appellants that under the aver-

ments in the declaration the appellee had no right to recover because it appeared from them that she was not necessarily confined in the house by the disease of her eyes, but was able to go, and did go, from her home to the office of her physician who was treating her for the disease with which she was afflicted, and it is insisted that under the terms of the policy under which appellee is seeking to recover it must not only appear that appellee was afflicted with a disease or illness which prevented her from performing any and every duty pertaining to her occupation, but that by reason of such illness or disease she was necessarily and constantly confined in the house.

The terms "necessarily confined in the house," however, have been repeatedly interpreted by courts of review in different States, and it has been repeatedly held that the words quoted in an insurance policy of this kind should not be interpreted to mean that the person must remain constantly in the house; that the words should receive a reasonable construction with a view to the purpose for which they were intended in the insurance agreement. Thus it was held in *Breil v. Claus Groth Plattdutschen Vereen,* 84 Neb. 155, that within the meaning of an insurance contract for sick benefits it cannot be said that an assured is not confined constantly in the house during an illness characterized by recurring periods of severity, although at intervals he may occasionally step into his yard or make visits to his physician, or other short and unusual trips, the assured at all times being unable to resume the ordinary duties and pleasures of life. And in *Hoffman v. Michigan Home & Hospital Ass'n,* 128 Mich. 323, it was held that the benefit provided by a similar contract is not defeated by the fact that the insured went out by the direction of his physician for an occasional airing, and it was held in *Mutual Benefit Ass'n v. Nancarrow,* 18 Colo. App. 274, that the words "confined in the house" contained in the benefit certificate

do not contemplate a constant restraint indoors, and the fact that the insured visited his physician's office, using a car line, would not defeat his right of recovery. To the same effect are *Thayer v. Standard Life & Accident Ins. Co.*, 68 N. H. 577; *Jennings v. Brotherhood Accident Co.*, 44 Colo. 68; *Scales v. Masonic Protective Ass'n*, 70 N. H. 490, and *Metropolitan Plate Glass & Casualty Co. v. Hawes' Ex'x*, 150 Ky. 52. While there are a few cases which apparently hold a contrary doctrine, some of which are cited by appellants, the great weight of authority sustains the view that the fact that appellee went to and from the office of her physician for treatment during her confinement in the house by her illness would not defeat her recovery under the terms of the policy.

We are of opinion, therefore, that the declaration stated a cause of action and that the court properly overruled appellant's demurrer and rendered judgment. The judgment should be affirmed.

*Judgment affirmed.*