Albert Paul, Jr., Defendant in Error, v. National Accident Society, Plaintiff in Error.

Opinion filed June 1, 1928.

E. M. Lewis, for plaintiff in error.

D. G. Hyle, for defendant in error.

Mr. Presiding Justice Barry delivered the opinion of the court.

No assignment of errors has been written upon or attached to the record as required by the rule of this court. We have frequently called attention to the fact that this is not a mere matter of form to be considered waived if not objected to, but one of substance. The assignment of errors performs the same office in this court that a declaration does in a court of original jurisdiction, and is equally essential in the forming of an issue upon which the court can properly give judgment. It is not sufficient that the abstract of the record shows an assignment of errors, which is not written upon or attached to the record. No errors having been assigned on the record, there is and can be no joinder in error, and therefore no issue for this court to try. The cause having been submitted for final determination, it is too late now for plaintiff in error to obtain leave to assign errors upon the record or for the court to require it to do so. The failure to assign errors on the record necessitates the dismissal of the writ of error, even though alleged errors are argued in the briefs. *McAllister & Schroeder v. Weber Motor Car Co.*, 243 Ill. App. 530.

The errors set out in the abstract are to the effect that the court erred in not giving instructions offered by plaintiff in error and in refusing to grant a new trial. The abstract does not contain any of the instructions given or refused at the request of either party. Error cannot be predicated upon the rulings of the court in the giving or refusing of instructions unless all instructions are set out in the abstract. *Thompson v. People,* 192 Ill. 79; *Reavely v. Harris,* 239 Ill. 526.

The judgment in this case is small, and for that reason we have concluded to express our views, even though no issue is properly presented for our consideration. Plaintiff in error issued a policy of insurance, which, *inter alia,* contained the following provision: "If the insured shall be continuously confined to the house, not leaving it at any time or for any purpose whatsoever, and regularly visited therein by a licensed physician and be wholly prevented from transacting any and every kind of business solely by pneumonia (lobar) * * * the society will pay for such confinement, after the first seven (7) days, and not exceeding ten (10) weeks, a weekly indemnity of twenty-five dollars ($25.00)."

Defendant in error was taken ill with lobar pneumonia on January 11, 1926, and his illness continued for a period of 83 days, during which time he was under the care of a physician. When first taken ill he was at his home and was later removed to a hospital. It does not appear how long he remained there. Along about March 1, 1926, the doctor ordered that he be taken out for air because he was getting worse and it would do him good to get out. On nice days his wife and mother took him for a drive for about an hour and while on those trips he called upon the doctor at his office. The calls so made were under the direction and supervision of the doctor. The evidence aforesaid is undisputed.

Plaintiff in error concedes that defendant was entitled to 39 days benefit amounting to $139.28, but insists that the verdict should not be for a greater amount, because of the fact that he left the house upon the occasions aforesaid.

There is quite a conflict in the authorities bearing upon this question, much of which is, no doubt, due to the fact that the provisions under consideration in the various cases were not identical. Plaintiff in error cites three cases which strongly tend to support its contention. We think the weight of authority is to the contrary. *Baker v. State's Accident Ins. Co.*, 200 Ill. App. 473; *Hines v. New England Casualty Co.*, 172 N. C. 225, 90 S. E. 131, L. R. A. 1917B 744; *Stewart v. Continental Casualty Co.*, 141 Wash. 213, 250 Pac. 1084, 49 A. L. R. 960, and the cases cited therein and in the note following.

We are of the opinion that the cases last cited are more consonant with justice and fair dealing than those which take the contrary view. For the reasons first stated, however, the writ of error must be dismissed at plaintiff in error's costs.

*Writn of error dismissed.*