**Frank Fuzessery, by his Next Friend, Louis Fuzessery, Appellee, v. American Benefit Casualty Insurance Company, Appellant.**

Opinion filed February 12, 1930.

NEWELL & STREEPER and M. ESTHER FUNKE, for appellant; PERRY H. HILES, of counsel.

Robert F. White, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

In September, 1927, the appellant, the American Benefit Casualty Insurance Company issued to Frank Fuzessery, the appellee, an insurance policy providing for indemnity under certain conditions in case of loss of life, limb, eyesight or time by accidental means or loss of time by sickness.

On July 22, 1928, Frank Fuzessery, the insured, while engaged in playing baseball broke three of his toes. The insured was taken to a doctor Schmitt immediately after the accident. He also called on the doctor on July 23 and 24 relative to his injured foot. On July 25 the insured called Dr. Darner who had an X-ray taken of the injured foot. The X-ray revealed a fracture.

The doctor advised the appellee to go home and stay off his foot and apply hot applications until the swelling subsided. This the appellee did and Dr. Darner visited him at his home several times during the time that appellee was at home. On August 6 the appellee called at Dr. Darner's office and had his foot placed in a cast. After the foot was placed in a cast by Dr. Darner, the appellee called upon Dr. Darner at his office for treatment and observation several times up to and including September 13, 1928. He did not leave his home for ten days or two weeks after his first visit to Dr. Darner. After the foot was placed in a cast the appellee by use of his crutches was able to go from his house to the yard and he made numerous trips to the doctor's office.

The appellee Frank Fuzessery by his next friend, started suit against the defendant company claiming that under the policy of insurance he was entitled to receive from the company five weeks benefits at $25

per week. The case was tried before a jury. The plaintiff and doctor testified relative to the injuries that the appellee had sustained, and introduced the policy in evidence. At the close of the evidence, the defendant moved for a peremptory instruction to find the issues for the defendant which the court overruled. The jury awarded damages in the sum of $125; judgment was entered on the verdict and an appeal perfected to this court.

The main controversy in the case is the construction to be placed on Part D, dealing with the ''Confining Accident Indemnity'' of the insurance policy introduced in evidence as plaintiff's Exhibit 1. The portion of the clause to be construed is as follows:

''Upon satisfactory proof of total disability of said insured caused solely from injuries in any manner specified in Part A, which shall not prove fatal or cause loss as aforesaid, but shall immediately, continuously confine the insured within the house for not less than two successive weeks under the necessary charge of a legally qualified physician, who shall visit the insured at least twice each week, the company will pay indemnity at the rate of $25 per week,'' etc.

It is the contention of the appellant that the court should give this portion of the policy a strict interpretation and cite the case of the *American Life & Accident Ins. Co. v. Nerdlinger,* 113 Miss. 74, which seems to support the appellant's contention. Our Supreme Court has never passed on a clause in an insurance policy similar to this, at least no case has been cited by either side in this controversy and we have been unable to find one that is squarely in point. The Appellate Court of the Second District in the case of *Baker v. State's Accident Insurance Co.,* 200 Ill. App. 473, passed upon a case very similar to this. The insured under a health and accident insurance policy proving for payment during such time as the

insured might be necessarily confined to the house, by reason of disease or illness which would wholly prevent her from pursuing her occupation, held, that she should be entitled to recover though she went to and from her house to the office of her physician to receive treatment. In the *Baker* case the clause in the policy was very similar to the one at bar. The insured was afflicted with sore eyes, but instead of remaining at home and having the doctor come to her home for treatment she was taken to the doctor's office and there treated.

This court in the case of *Paul v. National Accident Society*, 249 Ill. App. 302, held that the insured was entitled to recover under a similar policy, although he was taken from his home and removed to a hospital and then returned to his home, and later when he was recuperating, on nice days went out with his wife and mother for a drive and was taken to the doctor's office for treatment.

In the case of *Stewart v. Continental Casualty Ins. Co.*, decided by the Supreme Court of Washington, reported in 250 Pacific Reporter at page 1084, the court in passing upon a similar case say,

''Insured compelled by acute glaucoma to be indoors except for trips to the doctor's office and exercise at the doctor's direction when she was necessarily accompanied by another person, held 'strictly and continuously confined within the house, and therein under the regular care of a physician,' within the meaning of health insurance policy.'' The court in this case reviews and cites numerous cases in other jurisdictions that held the same.

We are of the opinion that the rule adopted by our Appellate Court and by the Washington court is the better rule. We think the evidence in this case supports the allegations of the declaration and as set forth in the policy of insurance that the plaintiff had sus-

tained an injury for which he should receive compensation from the defendant insurance company.

It is next contended that the court erred in refusing to give the instructions offered by the appellant. Our courts have repeatedly held that the Appellate Courts will not reverse a judgment for errors in the instructions to the jury or admission of evidence where, under the evidence, the jury could have rendered no other verdict consistent with the evidence in the case. (*White v. Holden,* 206 Ill. App. 567; *Vinson v. Scott,* 198 Ill. 542; *Jackson v. People,* 126 Ill. 139; *Ryan v. Donnelly,* 71 Ill. 100.)

We think that the construction given this insurance policy by the trial judge was correct and under the evidence the jury would not be justified in rendering any other verdict than the one that they rendered, and the error, if any, in refusing to give defendant's instruction would not be reversible error.

The judgment of the circuit court of Madison county is hereby affirmed.

*Affirmed.*