## NATIONAL ACCIDENT AND HEALTH INS CO v MERGENOV

Ohio Appeals, 9th Dist, Summit Co

No 2451. Decided March 6, 1935

Hutchison & Firestone, Akron, for plaintiff in error.

Taylor & Taylor, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

There can be no doubt that plaintiff's condition was a "confining illness" within the meaning of schedule 'H," unless the fact that he was not visited in his house by a physician "at least once in each seven days" after the first three weeks of his illness requires a' contrary finding.

We are of the opinion that the situation shown by the facts in this case is not such as to require such contrary finding.

The important element of difference between the two schedules is that in "H" the insured's illness is such that he is confined to the house, and in "I" he is not confined within the house;' in "H" the language that the insured shall be visited by the physician in the house is appropriate to a confining illness, and the language in "I" that the assured require and receive the attention of a physician is appropriate to a nonconfining illness, but in neither schedule was such language intended to describe a controlling element in the determination of whether an illness was a confining or a nonconfining illness.

The language concerning medical treatment in the house is more in the nature of a reference to an evidentiary fact bearing upon the character of the illness, than a conclusive test of liability.

The important requirement is that the insured needs and receives the services of a physician "at least once in each seven days"; not the place where he receives such services. In other words, the promise to pay depends upon the character of the illness, whether confining or nonconfining, rather than on the place where the physician treats the insured.

One is continuously confined to the house although there are imperative removals, as in the case of a transfer to a hospital and back again. What is required is a degree of sickness rather than the literal fact of staying in the house under all circumstances. No prospective purchaser of insurance could be expected to place any other construction upon the language used, and any other construction would be an unnatural one.

It is hardly conceivable that the officers of the insurance company who used said language in preparing this contract intended that if the insured were bedridden and it was necessary, in order to save his life, to take him to a hospital and there treat him, he should be paid only one-half as much and for a shorter time than if the physician had treated him in his house.

It is of no assistance to say that "insurance policies, like all other written contracts, mean what they say and all they say." If a strict application of such language be made, then under the wording of this policy the insured who had a "house" to be taken to when ill would receive much more than the insured whose only place of habitation was a hotel, and anyone would know that no such result was intended, even by the officers of the insurance company.

If they did so intend, then this case, furnishes a justification for the application of the rule that, in case of doubt or ambiguity, such policies of insurance should be construed strictly against the company and liberally in favor of the insured, who had no voice in the wording of the policy.

We are aware that there is respectable authority holding that very similar policy provisions are not ambiguous, but on the contrary are plain and that their meaning is unmistakable, and that therefore they

should be enforced as written; but we prefer the reasoning of the cases where very similar policy provisions have been held to be of doubtful meaning when applied to situations similar to that shown by the facts in the instant case, and wherein recoveries for confining illness have been approved.

Stewart v Continental Casualty Co., 49 A. L.R. 960, and cases cited in note at page 965.

Garvin v Union Mutual Casualty Co., 61 A.L.R. 633.

Paul v National Accident Society, 249 Ill. App. 302.

Fuzessery v American Benefit Cas. Ins. Co., 256 Ill. App. 476.

Federal Surety Co. v Waite, 297 SW 312.

"Our examination of the authorities convinces us that confinement within the four walls of one's home every moment of the period for which indemnity is sought is unnecessary. Before a recovery can be had under a clause similar to that under consideration, the insured must be afflicted with an illness which men commonly regard as a confining illness. When the illness is sufficiently severe to confine the insured to his home for substantially all of the time, an occasional excursion outside to secure medical attention or to secure the healing effect of sunshine will not defeat recovery."

Purcell v Washington Fidelity Nat. Ins. Co., 30 Pac. (2d) 742, at p. 751.

The Supreme Court of Ohio is in accord with the principle that is established by the great weight of authority on this subject. In the case of **American Assurance Co. v Dickson**, 34 O.C.C. 313, the Circuit Court, having before it an insurance policy which provided indemnity in case of total disabilty, and which provided that to be totally disabled the insured must be "strictly, necessarily and continuously confined within the house and there regularly and personally attended by a legally qualified physician," held that the insured was not barred from recovery where, under the advice of his physician, he went out for air and to his physician's office for treatment; and upon review of that case, the Supreme Court declared in its journal entry that it appeared that the insured was totally disabled and prevented from performing any duty pertaining to his business or occupation. and "strictly necessarily and continuously confined within the house except when ordered and directed by the legally quali-

fied physician regularly and personally attending him to go out into the open air as a part of the treatment prescribed by said physician for the cure of the defendant in error, and for no other purpose," and the judgment was affirmed. (**American Assurance Co. v Dickson,** 91 Oh St 380).

On the question under discussion, we conclude that the trial court reached the correct conclusion.

As to the questions in reference to the pleadings and proof of loss, we find no prejudicial error in the record.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.